**KINGDOM et, Plaintiffs, v. RECORD et, Defendants.**

Probate Court, Ashtabula County.

No. 34005. Decided August 2, 1954.

250

Stephen F. Perry, Jefferson, for plaintiffs-appellees.

Mooney, Hahn, Loeser, Keough & Freedheim, Cleveland, Blakely & Blakely, Painesville, William N. Shane, Ashtabula, Baker, Hostetler & Patterson, Cleveland, for defendants-appellants.

Pontius & Barsky, Ashtabula, for defendant-appellee the State of Ohio.

FORD, J (Common Pleas Court, Mahoning County), sitting by designation.

## OPINION

By FORD, J.

This is an action brought for a declaratory judgment by the trustees under Item X of the will of George J. Record, of Conneaut, Ohio. The most important question at issue is whether a valid charitable trust is created by that item in which the testator gave, devised and bequeathed the residue of his estate after the death of his widow to a trustee "for the purpose of establishing a polytechnic industrial school as hereinafter provided." The trustee was required first to offer the residue to the City of Conneaut to be used in the establishment of the school subject to certain conditions, including an acceptance of the offer within one year. If the offer was not accepted, the same offer was to be made to the Village of Geneva. If neither municipality accepted it or if there were legal obstacles preventing such acceptance, it was provided that the trustee "may by forming a corporation or by other lawful means in its discretion to be determined by it, complete the organization of said polytechnic industrial school or if it elects so to do it may transfer and deliver over the remainder of said residue to some industrial school then well established to be selected for the purpose of carrying out the principles and objects heretofore named. If the remainder be given to an industrial school already established it shall be known as 'Record Memorial Industrial Fund' and the department to which it is applied shall be known as the 'Record Memorial Industrial Department' and shall be operated upon the basis and the fundamental ideas and to the ultimate end and purpose hereinbefore expressed."

Conneaut did not accept. Geneva did accept but could not comply with other conditions within a reasonable time, as determined by the Supreme Court in **Findlay v. Conneaut, 145 Oh St 480, 31 O. O. 161 (1945).** The successor trustees under the will have neither themselves organized a school nor have delivered the residue to an existing industrial school.

It is the contention of the defendants, who are next of kin, that the gift-over provision to an established school amounts to a direction to select a beneficiary to receive both the legal and equitable title to the residue; that the trustees may apply the trus res to a noncharitable purpose by turning it over to an industrial school operated for profit; that a charitable trust is one where the trustee is bound to devote the trus res exclusively to charitable purposes, according to the so-called exclusivity doctrine originated in the English case of Morice v. Bishop of Durham, 9 Ves. 399 (1804); and that consequently the trust is invalid as a charitable trust and as a private trust it violates the rule against perpetuities.

The plaintiff trustees, on the other hand, contend that the chosen school would take not as beneficiary but as successor trustee of the charitable trust; that the beneficiaries as a class remain as they were when the trust vested on the death of the testator and that the trust is a valid charitable trust.

A determination of this issue depends on an ascertainment of the testator's intention from the words he used in his will, and such an ascertainment is a problem of will construction. While the court may not

do violence to the testator's language, liberal rules of construction must be applied since we are dealing with an obvious attempt by the testator to create a charitable trust. In the Findlay case, supra, the court did not have before it the questions at issue here, but did construe Item X of the will as bearing upon one of the issues involved in that case.

In the syllabi and opinion the court reaffirmed certain basic principles of will construction which are applicable here and which seem to be conceded by all the parties to this case. They are: (1) In an action to construe a will the sole function of the court is to ascertain and give effect to the intention of the testator. Such intention must be ascertained from the words used in the will by giving to such words their usual and ordinary meaning. (2) It is not the function or the province of a court to make a new and different will for a testator under the guise of construing the will made by him. (3) Where charitable trusts have been involved, the Supreme Court for the better part of a century has applied liberal rules of construction.

What are those liberal rules? They are summarized in a statement found in 7 O. Jur., 180(f), as follows:

"Ohio is thus committed to the universal doctrine that charitable trusts should be construed to carry out the intention of the testator. * * * Charitable trusts are to be construed so as to give them effect, if possible, and to carry out the general intention of the donor, when clearly manifested, even if the form and manner pointed out by him cannot be followed. If two modes of construction are fairly open, one of which would turn the gift into an illegal trust, while by following the other it would be valid and operative, the latter mode must be preferred. Such trusts, in other words, should receive such a construction as will tend to preserve them rather than to destroy them."

The testator in Item X of the will, following a statement of his beliefs regarding the purpose and nature of educating the young, gave his residuary estate remaining after the death of his widow to a named trustee "for the purpose of establishing a polytechnic industrial school as hereinafter provided." A polytechnic industrial school can be simply defined as one providing education in many practical arts for later participation by the students in industrial life. The school so established, however, was to be something more. It was also to be a sectarian school. The Supreme Court so held in the Findlay case in construing the will as required by an issue in that case.

The school the testator had in mind, as indicated by the language in Item X, was to give instruction in the useful arts and in the Bible; detailed provision was made for observance of the Sabbath Day by Sunday School and preaching services as well as for scripture reading and prayer at all classes. These things were to be made rules of the school, to the faithful observance of which the students must pledge themselves as a condition of admission to the school.

All of these things, including the beliefs of the testator in the purpose and nature of education, were made to apply to the "well established school" which was "to be selected for the purposes and objects hereinafter named"; and the fund was to be applied to a department which "shall be operated upon the basis and fundamental ideas and to the ultimate end and purpose hereinbefore expressed."

Defendants contend and cite authority for the proposition that where a gift is made to a corporation which is charged under the will to use it for certain purposes for the accomplishment of which the corporation was formed, the gift is construed as absolute and not in trust. Such a situation is not presented here. The gift was not merely one to an industrial school for industrial purposes; it was a gift for the purpose of establishing a sectarian industrial school as a separate department not only to teach the useful arts but to teach them in a religious way with detailed rules as to Bible teaching and Bible reading and prayers at all classes and of Sunday observance, all of which were binding on the officers, teachers and pupils of the school. I doubt whether any school, charitable or proprietary, at least in the contemplation of the testator, had ever before been organized for such a purpose.

I cannot agree with the statement in defendants' brief that the will indicates that testator was not concerned with the continuing operation of his proposed school. On the contrary, he made definite provision as to how it should be operated and when he said that the well-established industrial school should be chosen to carry out the principles and objects set forth in his will and that the department to which the fund should be applied be operated upon the basis and fundamental ideas and to the ultimate end and purpose he expressed, he did not intend merely to give the fund to an industrial school simply because it was an industrial school, but he did intend that the school should be charge as a fiduciary with seeing to it that his plans and purposes were accomplished.

Even supposing that the school might be either charitable or proprietary, it was merely to be selected as an alternative to the trustee under the will, which might either itself as trustee complete the organization of the proposed school or choose a well-established industrial school to do the same thing, also as trustee. I do not believe that the testator intended his gift to go to an existing proprietary school otherwise than as trustee. Item X reveals an attitude of mind to which the thought of contributing to the private profit of stockholders or proprietors by its bounty would be repugnant.

The interpretation I have given to Item X of the will is, I believe, a fair construction based on the language that the testator used; it is amply justified by the rules of liberal construction applicable to charitable trusts; it does no violence to any language used by the testator's will; and it is far from "the almost extravagant liberality" with which Judge Ranney said that charitable trusts have customarily been construed. See **Landis v. Wooden, 1 Oh St 160, 4.**

It is, therefore, my conclusion that a valid charitable trust for education was created by Item X of the Record will.

A further question is raised, particularly in the brief of the prosecuting attorney; i. e., that even though an otherwise charitable trust was created by Item X, the rule against perpetuities renders it void because of the remoteness of the vesting of the beneficial use. Briefly, the argument is that the gift under any alternative in Item X was not one for the education of students as beneficiaries but to a school itself as the beneficiary which school might not come into existence within the

twenty-one-year period of the rule. But the school building or the school corporation as a separate entity was not the real beneficiary. This is a charitable trust for educating the young as a class, indefinite, of course, as is usual with charitable trusts, among whom the trustee may select individuals. The building and the school corporation are merely means to an end. The beneficial interest in the class vested on the death of the testator. See Bogart "Trusts and Trustees," Sec. 344. The rule against perpetuities is not violated by this trust.

In view of the foregoing conclusions there is no occasion to consider other issues argued in briefs. Furthermore, no attempt has been made to discuss the many authorities which have been cited on the issues which I have decided. I have merely confined myself, in view of the great probability of review, to a brief statement of the reasons for my decision as to the validity of the charitable trust involved, for the information of counsel and any reviewing court.

I should like to add that all of the briefs in this case have been of great assistance to me. I cannot recall having had better briefs before me while I have held judicial office.

A journal entry may be drawn in accordance with this memorandum.